UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-2044-KHV-TJJ |
| ) | |
| 3M COMPANY and ) | |
| ARIZANT HEALTHCARE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This is a product liability lawsuit involving a medical device known as the Bair Hugger Forced Air Warmer, which is used to warm and maintain a patient's body temperature during a surgical procedure. The parties agree that a protective order limiting the disclosure, dissemination, and use of confidential information produced during discovery should be entered in this case. They disagree, however, on three provisions of the protective order and have filed their respective cross motions for protective order (ECF Nos. 31 and 32). As explained in more detail below, the Court grants the motions in part and denies them in part.

**I.     Scope of Notice Provision for Confidential Information Disclosed to Competitor Expert Witnesses and Consultants**

The first provision in dispute is the scope of the provision requiring advance notice and identification of experts to whom the parties intend to disclose designated confidential information. The parties agree the notice provision should apply to disclosure to any expert witness, consultant, or deponent witness who is a current principal, owner or employee of, or has a consulting arrangement with, any entity involved in the design, manufacture, or distribution of products in competition with the Bair Hugger warmer at issue in this case. They disagree, however, regarding the scope of the products. Plaintiff's version of the protective order seeks to

limit it to the category of "forced-air patient warming products," while Defendants' version of the protective order uses the more general and broader category of "patient warming products or medical devices."

Defendants argue that Plaintiff's proposed use of "forced-air patient warming products" is too narrow and would not include Defendants' actual competitors related to the Bair Hugger warmer at issue in this case. Specifically, Defendants argue that Plaintiff's proposed language would exclude Augustine Biomedical & Design, and its product the HotDog Patient Warming System, which does not use forced air. Defendants claim their entire purpose for this provision is to prohibit disclosure of their confidential information to competitors without the opportunity to object, but that Plaintiff's proposed language would directly permit one of Defendants' competitors access to all such information. Defendants point out that their version is the same competitor disclosure provision that was included in the protective order entered in the one other case brought by Plaintiff's counsel involving a Bair Hugger warming device.[1]

Plaintiff argues that Defendants' use of "patient warming products or medical devices" is overly broad, poses a serious risk to his ability to develop his case, and gives Defendants an unfair tactical advantage by forcing him to identify all the experts in the patient warming product industry he may consult about the litigation. Plaintiff contends that the predominate view of Tenth Circuit case law interpreting Fed. R. Civ. P. 26(b)(4)(D) is that the identity of and other collateral information concerning a non-testifying expert who is retained or specially employed in anticipation of litigation is not discoverable. Despite the weight of authority in his favor on this point, Plaintiff is willing to agree to Defendants' provision requiring advance identification of his

---

[1] Defendants have attached a copy of the order granting their motion for entry of protective order in *Walton v. 3M Co.*, Civ. A. No. H-13-1164 (S.D. Tex. Dec. 16, 2013).

consulting experts, provided that identification is limited to Defendants' competitors in the forced-air warming product business. But Defendants insist on including all manufacturers of all patient warming products and medical devices, which Plaintiff asserts would require him to identify all his experts before he could disclose any confidential information to them. According to Plaintiff, virtually any expert in this field is going to have a relationship with a medical device company, and adopting Defendants' disclosure requirements would (1) strip Plaintiff of his work product privilege by requiring the disclosure of every single consulting expert, and (2) unfairly encumber his attorney's ability to access and evaluate this complex case. Plaintiff contends that Defendants' suggested language reflects an effort to gain a tactical advantage by learning who Plaintiff is considering using as an expert.

Federal Rule of Civil Procedure 26(b)(4)(D) prohibits discovery of facts and opinions held by experts who are not expected to be called as witnesses at trial.[2] Although Rule 26(b)(4)(D) does not expressly address the disclosure of a non-testifying expert's *identity*, the Tenth Circuit has held that the Rule prohibits disclosure of "the identity, and other collateral information" concerning any non-testimonial expert who is retained or specially employed in anticipation of litigation.[3] If a party seeks disclosure of the non-testimonial expert's identity and other related information, it

---

[2] Former Fed. R. Civ. P. 26(b)(4)(B) became subsection (D) by the 2010 amendments. The current version provides:

> *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only: (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

[3] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 251 (D. Kan. 2010) (citing *Ager v. Jane C. Stormont Hosp. & Training School for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980)).

must make "a showing of exceptional circumstances under which it is impracticable for . . . [it] to obtain facts or opinions on the same subject by other means."[4] The party seeking disclosure "carries a heavy burden" in demonstrating the existence of exceptional circumstances.[5]

After reviewing the briefing on this issue, the Court determines that Plaintiff's narrower competitor witness notice provision should be included in the parties' protective order. Recognizing that requiring Plaintiff to disclose the identities of non-testifying experts and consultants would be an unwarranted intrusion into Plaintiff's litigation strategy and could create an unjust advantage for Defendants, the Court agrees with Plaintiff that Defendants' broad definition of competitors would essentially require him to disclose every expert he had consulted in the patient warming product industry. A narrower scope is thus justified for the expert notice provision.

Although the Court determines that Plaintiff's narrower notice provision should be included in the protective order, Defendants have raised the legitimate concern that adopting Plaintiff's provision would mean that one of their direct competitors, Augustine Biomedical & Design, and its HotDog Patient Warming System would not fall within Plaintiff's definition. This concern can be adequately addressed by adding a reference to this specific competitor's product to the protective order. Plaintiff's motion is granted as to the scope of the competitor witness notice provision; it shall include entities involved in the design, manufacture, or distribution of "forced-air patient warming products" but with the addition of a reference to "Augustine Biomedical & Design's HotDog Patient Warming System."

---

[4] *Id.*

[5] *Ager*, 622 F.2d at 503 (quoting *Hoover v. U.S. Dep't of Interior*, 611 F.2d 1132, 1142 n.13 (5th Cir.1980)).

**II.        Party With Burden of Filing Motion When Confidential Designation Challenged**

The second protective order dispute involves who has the burden of filing a motion when a confidential designation is challenged.   Under Defendants' version of the protective order, the party *objecting* to the confidential designation has the burden to file a motion objecting to confidentiality.   In contrast, Plaintiff's version places the burden of filing a motion on the party who *designates* the information and documents as confidential.   Plaintiff argues that Defendants' provision shifts the burden and expense of disputing confidentiality to Plaintiff by requiring him to initiate the briefing process to de-designate discovery as confidential.

Defendants point out that their provision is identical to that contained in the Court's model form protective order. They argue that Plaintiff offers no justification for deviating from the Court's model form provision and shifting the burden to Defendants.   While Defendants agree that the designating party will always carry the burden of proving confidentiality, they argue that the burden of raising that issue—by filing a motion with the court—should remain with the party objecting to the confidential designation.

Plaintiff argues that his proposed procedure for challenging a confidentiality designation is reasonable and efficient.   He claims his procedure will minimize over use of the confidential designation and encourage the parties to designate only as confidential material that is actually confidential. To the extent Defendants are concerned about having to file an endless string of motions to retain confidentiality, Plaintiff responds that scenario will only occur if Defendants designate numerous documents that are not confidential. Plaintiff's version of the protective order warns that frivolous challenges subject the challenging party to sanctions, and Plaintiff argues that

the ability to move for sanctions serves as an adequate prophylactic measure to curb meritless challenges.

Plaintiff has not convinced the Court to depart from the model form protective order language which places the duty to file a motion on the party challenging the confidentiality designations, as opposed to the designating party.   Plaintiff's version of the protective order requires the party challenging the confidentiality designation to initiate the meet and confer process by providing written notice of each challenged designation and describing the basis for each challenge.   If the parties cannot resolve a challenge, then under Plaintiff's version of the protective order, the party who designated the information or document confidential in the first place must file a motion to retain confidentiality. The Court concludes that although the designating party always has the burden of proving confidentiality, the burden of raising the issue—by initiating the conferring process and then by filing a motion with the Court—should rest with the party challenging the confidentiality designation.   As the challenging party has already identified what particular information or documents it is challenging, as well as its basis for each challenge during the initial conferring process, it is only practical that the same party file the motion to challenge the designation.   Upon the filing of the motion, the designating party will then bear the burden of responding to the motion and proving the necessity of the challenged confidentiality designation.   Defendants' motion is therefore granted with respect to their proposed provision for challenges to confidential designations that requires the party *challenging* the confidentiality designations to file a motion with the Court.

### III.     Provision Requiring Certain Reports and Documents Created by Experts or Consultants to be Designated as Confidential Information

The third and final disputed protective order provision involves Defendants' proposed language requiring that any report or document created by such expert or consultant—that relies on or incorporates designated confidential information in whole or in part—be designated as confidential information.

Under Defendants' version of the protective order, designated Confidential Information may be disclosed to any expert witness, outside consultant, or investigator specifically employed or retained by a party or a party's counsel in connection with the prosecution or defense of this action, provided that:

> (i) counsel, in good faith, requires his or her assistance in connection with this action, (ii) he or she has completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound, (iii) **any report or document created by such expert or consultant relying on or incorporating designated Confidential Information in whole or in part shall be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the party responsible for its creation and** (iv) subject to the limitations provided by Paragraph 6(c).[6]

Plaintiff objects to this provision as needlessly encumbering the progress of this case. He argues that this is a complex product liability case and the expert reports from both sides will be the centerpieces of dispositive motion practice and trial. By requiring that expert reports be treated as confidential, any motion that relies on the report would be required to be filed under seal and treated as confidential as well. This proposal will make dispositive motion practice in this case unworkable because many such motions will, in all likelihood, involve reference to the expert

---

[6] Defs.' Prot. Order (ECF 31-11)§ 6(b)(6) (bold added).

reports. Defendants' proposal will upset the balance between protecting its confidential information and judicial transparency.

Defendants argue that their proposed provision would prevent Plaintiff from circumventing the protective order by allowing public disclosure of confidential information through expert reports. Allowing experts the ability to rely upon this confidential information for their reports, refer to them in their reports, and then release these reports to the public, would directly violate Defendants' right to keep this information confidential. Defendants anticipate that the expert reports in this case could quote, or discuss in great detail, the confidential information on which the experts rely. Defendants argue that allowing these reports to be disclosed without a confidentiality designation is in complete conflict with the purpose of the protective order. They contend disclosing these expert reports to the public and to Defendants' competitors would be the equivalent of directly disclosing the confidential information itself. Thus, Defendants request that these reports be designated confidential, by the party responsible for the creation of the report, pursuant to this provision in the proposed protective order.

The Court agrees that Defendants' proposed provision prevents the disclosure of confidential information indirectly through inclusion in reports or documents created by experts or consultants. The Court notes, however, that Defendants' provision is for "any report or document created by such expert or consultant *relying on* or incorporating designated Confidential Information."[7] The Court finds that this "relying on" language too ambiguous and uncertain. The Court will therefore replace the phrase "relying on or incorporating" with "quoting,

---

[7] *Id.* (emphasis added).

discussing, or incorporating." This change is intended to make it more easily ascertainable what expert-created reports and documents must be designated as confidential.

Plaintiff also fails to convince the Court that requiring certain expert-created reports and documents to be designated and treated as confidential would be unworkable or result in secret motion practice. If designated as confidential, a party seeking to file expert-created reports and documents in briefing and exhibits could seek permission to file them appropriately redacted or under seal pursuant to D. Kan. Rule 5.4.6. The Court would then make the determination whether the specific report or document should be redacted or filed under seal.

Defendants' motion is therefore granted with respect to their provision requiring that expert reports containing confidential information be designated as confidential; provided, however, the provision is revised so that it applies to any report or document created by such expert or consultant "quoting, discussing, or incorporating" designated confidential information.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Protective Order (ECF No. 32) and Defendants' Motion for Entry of Protective Order (ECF No. 31) are granted in part and denied in part. Plaintiff's motion is granted as to his proposed competitor witness notice provision using the narrower scope of entities involved in the design, manufacture, or distribution of "forced-air patient warming products," but with the addition of a reference to "Augustine Biomedical & Design's HotDog Patient Warming System." Defendants' motion is granted with respect to their proposed provision for challenges to confidential designations. Defendants' motion is also granted with respect to their provision requiring that expert reports containing confidential information be designated as confidential; provided, however, the language is revised so that it applies to any expert-created report or document "quoting, discussing, or incorporating"

designated confidential information as opposed to expert-created reports and documents simply "relying on" confidential information.

**IT IS FURTHER ORDERED THAT** Defendants are directed to make the necessary revisions to their proposed Protective Order in accordance with the Court's rulings reflected herein and circulate the revised version to opposing counsel for review. The revised Protective Order shall be e-mailed to *ksd_james_chambers@ksd.uscourts.gov* on or before **December 8, 2014.**

IT IS SO ORDERED.

Dated November 12, 2014, at Kansas City, Kansas.

> *s/ Teresa J. James*
> Teresa J. James
> United States Magistrate Judge