# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>3M COMPANY and )<br>ARIZANT HEALTHCARE, INC., )<br>)<br>Defendants. )<br>) | Case No. 14-cv-2044-KHV-TJJ |

## MEMORANDUM AND ORDER

This is a product liability lawsuit regarding injuries sustained by Plaintiff involving a medical device manufactured by Defendants known as the Bair Hugger forced air warmer, which is used to warm and maintain a patient's body temperature during surgery. This matter is before the Court on the following discovery motions:

- Plaintiff's Motion to Compel Responses to Discovery (ECF No. 87)

- Plaintiff's sealed Motion to Compel Responses to Discovery (ECF No. 88)

- Defendants' Unopposed Motion for Leave to File Sur-Reply to Plaintiff's Motion to Compel Responses to Discovery (ECF No. 102).

### I.   Plaintiff's Motion to Compel Responses to Discovery (ECF No. 87)

In his first Motion to Compel Responses to Discovery (ECF No. 87), Plaintiff requests that the Court enter an order compelling Defendants to produce documents responsive to "many" of his requests for production of documents. Plaintiff refers to his first, second, third, and fourth set of requests for production served upon Defendants,[1] but does not indicate the specific

---

[1] Plaintiff served 41 requests for production in his first set, 1 request in his second set, 23 requests in his third set, and 6 requests in his fourth set. *See* ECF Nos. 87-2, 87-3, 87-4, and 87-5.

requests for production at issue. Instead, Plaintiff argues "Defendants have failed to produce all responsive documents in response to many Requests for Production from Plaintiff, relying on vague objections instead." Plaintiff claims Defendants' boilerplate objections that the discovery requests are "overbroad, unduly burdensome, [and] not reasonably calculated to lead to the discovery of admissible evidence" are not valid objections. Plaintiff also argues that Defendants have asserted improper conditional objections and made other improper objections, such as their objections that the requested documents are protected by HIPAA or other federal or state regulatory authority.

Defendants oppose the motion, urging the Court to deny Plaintiff's motion because he failed to make reasonable efforts to confer before filing his motion. Defendants assert that Plaintiff's sole attempt to confer was a letter dated September 10, 2015, and he made no further attempts to confer after Defendants responded but proceeded to file his motion on September 24, 2015. Plaintiff's reply (ECF No. 101) does not dispute this.

The Court agrees with Defendants that Plaintiff's motion to compel discovery should be denied for failure to confer or make reasonable effort to confer concerning the matter in dispute prior to filing the motion, as required by D. Kan. Rule 37.2 and Fed. R. Civ. P. 37(a)(1). The Court finds that Plaintiff's single letter dated September 10, 2015 does not constitute "reasonable efforts to confer" under D. Kan. Rule 37.2.

The Court further denies Plaintiff's motion as untimely under D. Kan. Rule 37.1(b), which requires that all motions to compel discovery be filed within 30 days of the default or service of the response that is the subject of the motion. Plaintiff filed his motion to compel discovery on September 24, 2015, over a *year* after Defendant 3M served its response and objections to Plaintiff's first set of requests for production on August 25, 2014. Plaintiff's

2

motion was filed more than 40 days after Defendant 3M's most recent responses and objections to Plaintiff's fourth set of requests for production, which were served on August 12, 2015.

Plaintiff argues that his motion is not time barred because Defendants' discovery responses have been an ongoing process and discovery has been continuously delayed by the manner in which Defendants produced documents. Plaintiff also points to irregularities in Defendants' document production, including a delay due to Defendants' insistence on entry of a protective order before producing documents. Plaintiff alternatively argues that he has shown excusable neglect for the untimely filing of his motion to compel discovery. Plaintiff claims that the reason for his delay in filing the motion is attributable to his reliance upon numerous and false assurances from Defendants that they had produced all responsive documents.

For nearly a year before filing his motion, Plaintiff knew or should have known that Defendant objected to many of Plaintiff's 41 requests contained in his first set of requests for production. Yet, Plaintiff never filed a motion to extend his deadline for filing a motion to compel. In its responses and objections served on August 25, 2014, Defendant 3M asserted many of the same objections Plaintiff now asks the Court to overrule in his motion to compel. Plaintiff has not shown excusable neglect for his failure to file his motion timely or request a continuance of his deadline for filing a motion. Additionally, even if Plaintiff timely filed his motion to compel, he failed to identify the specific discovery requests upon which he is seeking to compel further production or response from Defendants. Plaintiff's global motion to compel as to "many" unspecified requests for production is insufficient.

**II.    Plaintiff's sealed Motion to Compel Responses to Discovery (ECF No. 88)**

In his second Motion to Compel (ECF No. 88) which he filed under seal, Plaintiff requests that the Court compel Defendants to produce documents responsive to his First Request for Production Nos. 11, 14, and 21. Plaintiff contends that Defendants have arbitrarily narrowed the scope of discovery and failed to produce all responsive documents.

Defendants also oppose this motion, arguing that Plaintiff failed to make reasonable efforts to confer before filing it and the motion is untimely. Defendants assert that they have produced documents responsive to Request Nos. 11 and 14, subject to reasonable limitations. They further assert that they appropriately and reasonably produced, in response to Request No. 21, documentation concerning the testing and design of numerous Bair Hugger forced-air warmer models throughout the discovery process.

Like Plaintiff's first motion to compel, the Court finds that Plaintiff has not made reasonable efforts to confer prior to filing his motion and his motion to compel discovery should be denied on that basis. The Court further denies Plaintiff's motion as untimely under D. Kan. Rule 37.1(b), as the motion is filed more than a year after Defendant 3M served its responses and objections to the discovery requests at issue in the motion.

**III.   Defendants' Unopposed Motion for Leave to File Sur-Reply to Plaintiff's Motion to Compel Responses to Discovery (ECF No. 102)**

Finally, Defendants have filed an Unopposed Motion for Leave to File Sur-Reply to Plaintiff's Motion to Compel Responses to Discovery. Defendants request leave to file a sur-reply to Plaintiff's Reply (ECF No. 101) to his Motion to Compel Responses to Discovery (ECF No. 87). As the Court has denied the motion to which Defendants seek leave to file a sur-reply, the Court finds Defendants' motion to be moot.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motions to Compel Responses to Discovery (ECF Nos. 87 and 88) are denied as set forth herein.

**IT IS FURTHER ORDERED THAT** Defendants' Unopposed Motion for Leave to File Sur-Reply to Plaintiff's Motion to Compel Responses to Discovery (ECF No. 102) is moot.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on this 9th day of November 2015.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
